## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 13 2018, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrea K. Brown, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 13, 2018 <br><br> Court of Appeals Case No. 18A-CR-31 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D04-1709-F6-1082 |

**Barnes, Judge.**

# Case Summary

Andrea K. Brown appeals her two concurrent two-year sentences for possession of cocaine or a narcotic drug and possession of a hypodermic syringe or needle, as Level 6 felonies. We affirm.

# Issue

The sole issue before us is whether Brown's sentence is inappropriate in light of the nature of her offenses and her character.

# Facts

On September 19, 2017, as Fort Wayne police officers executed a search warrant for a residence, a vehicle pulled into the driveway. The occupants gave conflicting explanations for their presence at the scene. The police asked to check the vehicle occupants' identification, and Brown consented to a search of her wallet. An officer opened her purse to remove her wallet and saw four used syringes, charred spoons, and a plastic baggie with residue that was later determined to be heroin.

On September 25, 2017, the State charged Brown with possession of cocaine or a narcotic drug and possession of a hypodermic syringe or needle, as Level 6 felonies. Brown pled guilty pursuant to a plea agreement on October 16, 2017. She waived her right to sentencing within thirty days, and she was enrolled in the drug court program. She was referred to an inpatient program, Park Center, where staff learned of her heroin addiction.

[5] Approximately five days after she was placed in Park Center, Brown committed "severe and serious rule violations." Tr. Vol. II p. 26. On November 6, 2017, the State filed a verified petition to revoke Brown's participation in the drug court program because she had failed to comply with Park Center's rules and admitted to using heroin while residing at the facility. The State also alleged that Brown possessed urine or a lookalike substance to interfere with urine drug screens. At a hearing that same day, Brown admitted to the allegations. The trial court revoked her participation in the drug court program.

[6] At Brown's sentencing hearing on December 6, 2017, the trial court found, as mitigating, Brown's guilty plea, acceptance of responsibility, and expression of remorse. Addressing Brown directly, the trial court also found the following aggravating circumstances:

> . . . [Y]our juvenile and adult criminal record, covering a period of time from 2011 to 2017, where you've had three adjudications as a juvenile with probation, drug counseling, community service, and residential placement, in addition to additional treatment. As an adult, you've got one misdemeanor and one prior felony conviction. You've been given the benefit of adult probation and the Drug Court Program and you were on probation at the time you committed these offenses.

*Id*. at 29-30. The trial court imposed two concurrent two-year sentences for possession of cocaine or a narcotic drug and possession of a hypodermic syringe or needle, as Level 6 felonies.[1] Brown now appeals.

## Analysis

[7] Brown contends that her sentence is inappropriate and invites us to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

---

[1] The trial court ordered Brown's sentences served consecutively to her sentence in another cause.

[8] We consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[9] The sentence for a Level 6 felony ranges from six months to two and one-half years, with an advisory sentence of one year. Here, the trial court imposed two concurrent two-year sentences for Brown's convictions for possession of cocaine or a narcotic drug and possession of a hypodermic syringe or needle, as Level 6 felonies.

[10] As to the nature of her offenses, Brown—an admitted heroin addict—possessed heroin, a syringe, and drug paraphernalia while she was on probation for unlawful possession of a syringe. As regards her character, Brown's refusal to address her addiction issues and to conform her conduct reflects very poorly on her character. The instant drug court violation resulted from her heroin use, while she was enrolled in the drug court program, and while she resided in the Park Center facility, thereby violating the terms of her drug court program participation. She also possessed urine or a lookalike substance intended to interfere with urine drug screening. Her prior criminal history includes

possession of a legend drug injection device, possession of paraphernalia, and unlawful possession of a syringe.

[11] We acknowledge the uphill battle inherent in living with addiction, but we must also note that Brown has been afforded multiple chances by our criminal justice system to reform her behavior and to treat her substance abuse issues. She has failed to take advantage of those opportunities, including the failed attempt at drug court. Under the circumstances, she has not convinced us that her sentence is inappropriate in light of the nature of the offenses or her character.

## Conclusion

[12] Brown's sentence is not inappropriate in light of the nature of her offenses and her character. We affirm.

[13] Affirmed.

Vaidik, C.J., and Pyle, J., concur.